831 F.2d 1057
 51 Fair Empl.Prac.Cas. 277,
52 Empl. Prac. Dec. P 39,492, 56 USLW 2251
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John S LYTLE, Plaintiff-Appellant,
v.
HOUSEHOLD MANUFACTURING, INC., d/b/a Schwitzer
Turbochargers, Defendant- Appellee.
 No. 86-1097.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided Oct. 20, 1987.
 
 Appeal from the united States District Court for the Western District of North Carolina, at Asheville. David B. Sentelle, District Judge. (CA-84-453-A-C).
 Penda Denise Hair (Julius L Chambers, Ronald L. Ellis, Regan A. Miller, James, McElroy & Diehl on brief) for appellant.
 Alan Bruce Clarke (H. Lane Dennard, Jr., Ogletree, Deakins, Nash, Smoak & Stewart on brief) for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and CHARLES E. SIMONS, Jr., District Judge for the District of South Carolina, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 The appellant's action for discriminatory discharge and retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission was brought under both 42 U.S.C. Sec. 1981 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The district court dismissed the Sec. 1981 action with a ruling that Title VII provided the exclusive remedy for employment discrimination. A bench trial followed on the Title VII claim. At the conclusion of the plaintiff's case the trial court under Fed. R. Civ. P. 41(b) dismissed the claim for discriminatory discharge, and at the conclusion of all of the evidence the court found for the defendant on the retaliation claim. The appellant now argues that the trial court erred in dismissing his Sec. 1981 action and that he is entitled to a jury trial on his Sec. 1981 action. We hold that the district court's findings in the Title VII trial collaterally estop the appellant from relitigating these findings before a jury, and we affirm the result reached by the district court.
 
 I.
 
 2
 John S. Lytle had been employed as a machinist for two and one-half years in Household Manufacturing's North Carolina plant. Immediately prior to the discharge which gave rise to this suit, it appears that Lytle had been ill, and had accordingly planned to see a physician on Friday, August 12, 1983. Lytle asked on the day prior to August 12 if he could take the next day off as a vacation day. Lytle's supervisor informed him that he could take Friday off only he worked on Saturday.
 
 
 3
 Lytle never informed his supervisor that he would take Friday as a vacation day in exchange for working on Saturday. Lytle claims that he was effectively prevented from informing his supervisor about his intentions by the supervisor's anger at Lytle, arising out of an unrelated incident. For whatever reason, Lytle failed to appear at work either on Friday or on Saturday. Lytle claims that his medical condition prevented him from working on Saturday, and that he informed the plant's Human Resources Counselor of that problem.
 
 
 4
 The appellee classified Lytle's absences as "unexcused." Appellee's discharge policy distinguishes between excused and unexcused absences. If unexcused absences exceed eight hours in a twelve month period it is grounds for dismissal. Accordingly, the appellee terminated Lytle's employment.
 
 
 5
 Subsequent to his termination, Lytle filed a charge of discrimination with the Equal Employment Opportunity Commission. Lytle then began seeking employment with other businesses in the area, without success. Lytle attributes this failure to the appellee's refusal to provide him with a letter of recommendation beyond a mere acknowledgment that Lytle had been employed by the appellee. It appears that, in one instance, the appellee had provided another employee with an actual letter of recommendation, contrary to express company policy.
 
 
 6
 Lytle's first legal action was a claim for full unemployment benefits before the North Carolina Employment Security Commission. The decision of the Commission was appealed to and affirmed by the Buncombe County Superior Court.[1] The Employment Commission and the Superior Court found that Lytle was entitled only to reduced unemployment benefits because his "substantial fault" had contributed to his termination. Lytle filed this action on December 7, 1984 after receiving a right to sue letter from the EEOC. Lytle sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981, alleging that the appellee had discharged him because of his race and retaliated against him for filing a charge of discrimination with the EEOC. Lytle requested a jury trial on his claims under Sec. 1981.
 
 
 7
 The district court dismissed the appellee's motion for summary judgment, in which the appellee had argued that the decision of the State Employment Commission served to bar the proceedings. The district court stated that there were unresolved factual issues precluding summary judgment. On February 26, 1986, the district court dismissed Lytle's claims under Sec. 1981 on the grounds that Title VII provides the exclusive remedy for employment discrimination.[2] Lytle then proceeded to try his Title VII claims before the bench. At the close of the plaintiff's evidence, the district court granted the defendant's motion under Fed. R. Civ. P. 41(b) to dismiss the claim of discriminatory discharge on the grounds that the plaintiff had failed to establish a prima facie case. At the close of all the evidence, the district court entered a verdict for the defendant on the retaliation claim.
 
 II.
 
 8
 This court held in Ritter V. Mount Saint Mary's College, No. 86-3015 (4th Cir. filed March 23, 1987), that the findings of the trial court made in a Title VII action are entitled to collateral estoppel effect, thus preventing the relitigation of those findings before a jury under a "legal" theory arising out of the same facts. We found that collateral estoppel would obtain even where the trial court had erroneously dismissed the plaintiff's legal claims. As the Supreme Court determined in Parklane Hosiery, Inc. v. Shore, 439 U.S. 322 (1979), the judicial interest in economy of resources is sufficient to override the litigant's interest in relitigating his case, even where the consequence of the failure to permit relitigation is to deny the plaintiff his right to a jury trial.
 
 
 9
 Whether the district court has committed error in striking the appellant's claims under Sec. 1981 is not controlling. If the district court's determinations arrived at in the course of the bench trial on the Title VII theory are not clearly erroneous, and if the findings made by the judge, if upheld, estop the appellant from establishing a prima facie case under Sec. 1981, then appellant may not relitigate these issues. We proceed to determine whether the district judge erred in his findings and conclusions in the Title VII law suit.
 
 
 10
 We perceive no reason to reverse the district court's determination that the appellant failed to establish a prima facie case of discriminatory discharge. Rule 41(b) requires the court to weigh all evidence presented. The district court's finding that the plaintiff had presented no evidence of discrimination is protected by Rule 52(a) and may be set aside only if clearly erroneous. Holmes v. Bevilacqua, 794 F.2d 142 (4th Cir. 1986). In Moore v. City of Charlotte, 754 F.2d 1100 (4th Cir.), cert. denied, 472 U.S. 1021 (1985), we discussed the necessary elements for the establishment of a prima facie case of discriminatory disciplinary action. "The ... prima facie requirement is ... met upon a showing (1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person." Moore, 754 F.2d at 1105-06. Lytle has provided no evidence of other employees who had received less severe disciplinary measures as a result of their unexcused absences. Lytle has presented evidence showing that white employees who had exceeded the company limitation on excused absences had received relatively lenient treatment, but the district court was entitled to find that the differences between excused and unexcused absences are significant enough to render those violations dissimilar.[3] Thus the first prong of the Moore test was not met. The district court was entitled to conclude that the company's treatment of employees exceeding the limitation on unexcused absences could differ from its treatment of employees exceeding the excused absence limitation, without that difference in treatment being discriminatory. Failing to present evidence of similarly situated employees experiencing different treatment, the appellant has failed to establish a prima facie case. We find the other reasons proffered by the appellant to reverse the district court's judgment pursuant to Rule 41(b) unpersuasive.
 
 
 11
 We also decline to disturb the district court's judgment for the appellee on the claim that the appellee had retaliated against Lytle for his complaint to the EEOC. The appellant has offered no reasons for this court to find that the district court's conclusion was clearly erroneous, and we perceive none. we thus affirm the district court's treatment of the Title VII claim.
 
 III.
 
 12
 The next issue to resolve is whether the district court's conclusions under Title Vii, capable of collateral estoppel effect under Ritter and Parklane, prevent the appellant from establishing a prima facie case under his Sec. 1981 theory. it is established beyond peradventure that the elements of a prima facie case of employment discrimination alleging disparate treatment under Title VII and Sec. 1981 are identical. See, e.g., Gairola v. Commonwealth of Virginia Department of General Services, 753 F.2d 1281, 1285 (4th Cir. 1985), and the cases cited therein. "The facts here that preclude relief under Title VII also preclude a section 1981 claim." Garcia v. Gloor, 618 F.2d 264, 271 (5th Cir. 1980), cert. denied, 449 U.S. 1113 (1981). Where the elements of two causes of action are the same, the findings by the court in one preclude the trial of the other, and we so hold.
 
 
 13
 Because we base our affirmance of the district court on the application of collateral estoppel to preclude the relitigation of the factual issues in this case, we do not need to reach the other issues presented by this appeal.
 
 
 14
 AFFIRMED.
 
 WIDENER, Circuit Judge, dissenting:
 
 15
 As the Seventh Circuit has pointed out: "Collateral estoppel is a 'judicially developed doctrine', United States v. Mendoza, 464 U.S. 154, 158 (1984), which, when properly applied, can 'relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and by preventing inconsistent decision, encourage reliance on adjudication.' Allen v. McCurry, 449 U.S. 90, 94 (1980)." Hussein v. Oshkosh Motor Truck Co,., 816 F.2d 348, 355 (7th Cir. 1987). The majority argues that our decision in Ritter v. Mount St. Mary's College, 814 F.2d 986 (4th Cir. 1987) (Ritter II) requires the application of collateral estoppel in this case. I disagree and therefore respectfully dissent.
 
 
 16
 In this court's Ritter decisions, the district court had dismissed the plaintiff's legal claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., and Equal Pay Act, 29 U.S.C. Sec. 206(d), on First Amendment grounds. The district court then conducted a bench trial on the equitable claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. Sec. 2000 et seq. At the close of the bench trial, the lower court made findings of fact adverse not only to the plaintiff's Title VII claims but also findings inconsistent with the maintenance of her ADEA and Equal Pay Act claims. on appeal, in an unpublished opinion we affirmed the district court's Title VII fact finding as not clearly erroneous, see Fed. R. Civ. P. 52(a), but reversed the lower court's dismissal of the plaintiff's ADEA and EPA legal claims and remanded the case for proceedings consistent with our opinion. Ritter v. St. Mary's College, No. 81-1534 (4th Cir., June 8, 1984) (unpublished) (Ritter I).
 
 
 17
 On remand, the district court determined that its findings made in the Title VII equitable suit collaterally estopped the relitigation of those same facts before a jury on the remanded ADEA and Equal Pay Act legal actions. We affirmed that lower court ruling. Ritter II, 814 F.2d at 992. I think it most significant that no question was raised in Ritter I that the erroneous conclusion of law of the district court had deprived plaintiff of her Seventh Amendment right of trial by jury. That question was not raised until after remand in Ritter II. Having failed to appeal the issue in the first appeal, it would not seem too unreasonable to apply collateral estoppel the second time around. Cf. Hussein, 816 F2d at 359, Judge Posner concurring.
 
 
 18
 This case, however, is significantly different than Ritter II. Here, the lower court erroneously concluded that the Sec. 1981 claims were precluded by the Title VII claims. By its erroneous holding that Title VII was the exclusive remedy for employment discrimination, it specifically denied the plaintiff his right to trial by jury and that is the point which is appealed. In other words, the sole reason that plaintiff has been denied his right to a jury trial is the erroneous ruling of the district court which was appealed as soon as the opportunity presented itself. This is not, therefore, a case like Ritter II where the district court's error was let slide until the second appeal. If a litigant can be denied the right to a jury trial simply because a district court has come to a justifiable factual conclusion in a trial without a jury, the Seventh Amendment means less today than it did yesterday.[4]
 
 
 19
 Furthermore, it is significant that the Seventh Circuit, when faced with exactly this issue on indistinguishable facts, has determined that "an application of collateral estoppel does not permit findings made by a court in [a Title VII] proceeding to bar further litigation of [Sec. 1981] claim that had been properly joined...." Hussein, 816 F.2d at 356.
 
 
 20
 I am also disturbed by the justification of the denial of a litigant's Seventh Amendment right to a jury trial by reason of judicial interest in economy of resources. This reason undoubtedly existed at the time of the ratification of that Amendment and has since. in my opinion, however, it does not suffice as a policy argument to circumvent a positive provision of our organic law. To my way of thinking, in the event of a policy contest between judicial economy and the Seventh Amendment, the Amendment should prevail.
 
 
 21
 Accordingly, I would vacate the judgment of the district court and remand this case for trial by jury on all the issues so triable. See Ritter II, 814 F.2d at 990, citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959), and Dairy Queen, Inc. v. Wood, 369 U.S. 469 (1962),[5]
 
 
 
 [1]
 Lytle v. Schwitzer Turbochargers and the Employment Security Commission of North Carolina, 84-CVS-1602 (Sept. 10, 1984)
 
 
 [2]
 This ruling was apparently erroneous. In Johnson v. Ryder Truck Lines, Inc., 575 F.2d 471 (4th Cir. 1978), cert. denied, 440 U.S. 979 1979), we found Title VII and Sec. 1981 remedies to be separate, independent and distinct
 
 
 [3]
 Indeed, it appears that the appellant himself was in violation of the company limitations on permissible excused absences
 
 
 [4]
 The majority's decision here, I suggest is not consistent with the broad construction of the Seventh Amendment recently given by the Supreme Court in Tull v. United States, 55 USLW 4571 (U.S. April 28, 1987). In Tull, the Court reversed our narrow reading of the right to trial by jury
 
 
 [5]
 Hussein only remanded the Sec. 1981 claim, not the whole case, but for procedural reasons. See the concurring opinion of Judge Posner. 816 F.2d at p. 359